IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LYNN T. GUEVREKIAN,               ) | |
|                                                         ) | |
|      Plaintiff,                                 ) | |
|                                                         ) | No.: 1:05-CV-01369-MMM-JAG |
|      v.                                             ) | |
|                                                         ) | |
| BLOOMINGTON POLICE DEPARTMENT, ) | |
| CITY OF BLOOMINGTON,            ) | |
| HEARTLAND APARTMENT           ) | |
| MANAGEMENT, and WAYNE PELHANK,  ) | |
|                                                         ) | |
|      Defendants.                            ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

COME NOW the Defendants, HEARTLAND APARTMENT MANAGEMENT and WAYNE PELHANK, by and through their attorneys, Thielen, Foley & Mirdo, LLC, and pursuant to 28 U.S.C. §1447, files this Memorandum in Support of Motion to Remand and would show unto the Court the following:

## INTRODUCTION

Defendant City of Bloomington has filed a Notice of Removal removing the above entitled action from the Circuit Court of McLean County, Illinois.  On May 19, 2005, Plaintiff filed a Complaint in the Circuit Court of McLean County, Illinois.  Subsequently, that Complaint was dismissed on September 1, 2005, and an Amended Complaint was filed by the Plaintiff on September 27, 2005.  The Amended Complaint alleges the City of Bloomington, among other things, violated Plaintiff's 4th Amendment rights under 43 U.S.C. §1983.  See Amended Complaint,

attached as Exhibit 1. In the same Amended Complaint, Plaintiff asserts claims against Defendants Heartland Apartment Management and Wayne Pelhank under the Illinois Rental Law, libel and fraud. See Exhibit 1. Defendant Heartland Apartment Management was served a copy of the Summons and Complaint on June 3, 2005, which was received by Wayne Pelhank, as Owner of Heartland Apartment Management. See Proof of Service, attached as Exhibit 2. These Defendants entered their appearance in the state court proceeding on July 8, 2005.

On December 1, 2005, the City of Bloomington filed a Petition for Removal in this Court, purporting to remove the entire action from the Circuit Court of McLean County, Illinois, and served a copy of the Notice upon Defendants Heartland Apartment Management's and Wayne Pelhank's attorney of record. See Petition for Removal, attached as Exhibit 4. However, the City of Bloomington did not file the Notice of Removal in the state court action until December 22, 2005. See Notice of Removal, attached as Exhibit 5. According to the Notice of Removal, the City of Bloomington served notice of the removal on these Defendants by mail on December 21, 2005, thereby completing service on these Defendants effective December 25, 2005. Illinois Supreme Court Rule 12(c).

## ARGUMENT

**I.     Notice of Removal was defective under 28 U.S.C. §1446 because not all Defendants join in it.**

Procedures regarding removal are governed by 28 U.S.C. §1446, which

requires that all proper defendants must join or consent to the removal notice. A petition for removal fails unless all defendants join it. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994). To "join" a motion is to support it in writing. *Roe*, 38 F.3d at 301. If a defendant does not join in the removal notice, the petition must expressly indicate why not all defendants have joined, e.g., that they are nominal parties or were not served at the time of filing the petition. *P.P. Farmers' Elevator v. Farmers Elevator Mutual Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994).

In the present case, Defendants Heartland Apartment Management and Wayne Pelhank do not join in the removal, and object to it. Neither of them are nominal defendants, in that there are several substantive claims alleged in the Complaint by the Plaintiff against these Defendants. Non-joining Defendants Heartland Apartment Management and Wayne Pelhank were served with the Summons and Complaint on June 3, 2005, before the City of Bloomington filed its Notice of Removal. The City of Bloomington has set forth no facts demonstrating why the consent of these Defendants is unnecessary for removal of the action.

The failure of either of these Defendants to join in the removal is fatal, requiring remand of the case to the state court.

**II.    Defendants Should be Awarded their Costs and Fees on Remand.**

28 U.S.C. §1447(c) provides that an order remanding a case to state court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Defendants request reimbursement of their

costs and actual expenses, including attorney fees, incurred as a result of the removal.

Respectfully submitted this 24th day of January, 2006.

S/ BARBARA SNOW MIRDO
No.: 06230302
Attorney for Defendant
THIELEN, FOLEY & MIRDO, LLC
207 W. Jefferson St., Ste. 600
Bloomington, IL 61701
Phone: 309/820-0040
Fax: 309/820-0041
E-mail: mirdo.b@thielenlaw.com