## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNN T. GUEVREKIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 05-1369 |
| | )                      05-1370 |
| BLOOMINGTON POLICE DEPARTMENT, | ) |
| CITY OF BLOOMINGTON, McCLEAN | ) |
| COUNTY CENTER FOR HUMAN | ) |
| SERVICES, HEARTLAND APARTMENT | ) |
| MANAGEMENT, and WAYNE PELHANK | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

Before the Court are two related cases arising from two separate incidents. As the procedural history of each case is identical and the filings relevant to the appropriateness of removal are the same, this Order is being entered in both cases. In each case, Plaintiff Lynn T. Guevrekian filed a Complaint against various Defendants including the Bloomington Police Department, the City of Bloomington, Heartland Apartment Management, and Wayne Pehlank.[1] Defendants Heartland Apartment Management and Wayne Pelhank have filed the instant Motions to Remand. For the reasons set forth below, Defendants' Motion to Remand [case number 05-1369 - #20] and [case number 05-1370 - #18] are DENIED.

---

[1] In case number 05-1369, Guevrekian also included McClean County Center for Human Services as a named defendant.

## BACKGROUND

Plaintiff Lynn T. Guevrekian ("Guevrekian") initially brought these lawsuits in the Eleventh Circuit Court in McClean County, Illinois. Defendant City of Bloomington, on behalf of the Bloomington Police Department, filed timely Petitions for Removal in this Court on December 2, 2005. Pursuant to 28 U.S.C. § 1441, Defendant City of Bloomington asserts that this Court has original jurisdiction over the matters alleged in Guevrekian's Complaints because Guevrekian's claims against City of Bloomington are federal civil rights claims arising under 42 U.S.C. § 1983. In its Petitions for Removal, the City of Bloomington informed the Court that it was giving written notice of the filing of the Petitions for Removal to all of the other parties. This Court construed the City of Bloomington's Petitions for Removal as Notices of Removal.

On January 24, 2006, Defendants Heartland Apartment Management and Wayne Pehlank (collectively "Heartland") filed the instant Motions to Remand. Heartland argues that these case should be remanded to state court because removal requires the consent of all defendants and they did not consent to removal. The City of Bloomington filed Responses to the Motions to Remand arguing that Heartland's Motions to Remand are untimely and therefore removal is proper. In the alternative, the City of Bloomington argues that if this Court finds that the Motion to Remand is timely, the claims against the City should remain in federal court because they are separate and distinct from those claims against the other Defendants.

## DISCUSSION

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because some of the claims in this case arise under 42 U.S.C. § 1983. This Court then has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

However, even though this Court may assert jurisdiction over this case, Heartland argues that removal is not proper because all of the defendants must consent to removal and Heartland does not consent. Generally, all defendants must join in, or consent, to removal. *Shaw v. Dew Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993). In this case, only one defendant, the City of Bloomington, signed the Petitions for Removal. A petition is generally considered defective if it fails to explain why the other defendants have not consented to removal. *Id.* However, the failure of a removal party to obtain the consent of all of the other defendants is a procedural defect and not a defect that deprives the federal court of jurisdiction. *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 392 (1998). In *Wisconsin Department of Corrections,* the Supreme Court differentiated between removals that are "defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason, *e.g.*, because the removal took place after the relevant time limits had expired." *Id.* The Seventh Circuit has found that the failure to obtain the consent of all other defendants does not "imperil subject-matter jurisdiction." *Doe v. GTE Corp.,* 347 F.3d 655, 657 (7th Cir. 2003). In *Doe,* the Seventh Circuit noted:

> Plaintiffs commenced this litigation in state court. Three defendants employed by public universities removed it to federal court under 28 U.S.C. § 1441(b), observing that the claim against them rests on 42 U.S.C. § 1983. Neither the parties nor the district judge noticed that removal requires the consent of all defendants. *See Holmes v. Hanrick,* 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894); *Torrence v. Shedd*, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528 (1892); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352 (7th Cir. 2000). This defect in the removal process could

have justified a remand, but because 30 days passed without protest—and the problem does not imperil subject-matter jurisdiction—the case is in federal court to stay. *See* 28 U.S.C. § 1447(c).

*Doe,* 347 F.3d at 657.

Similar to *Doe*, not all of the Defendants in the instant case consented to removal but none of the defendants protested the removal within thirty days of the Petitions for Removal being filed in this Court. The Petitions were filed on December 1, 2005. Counsel for each of the parties was immediately electronically served with a notice of the Petition for Removal. As the defect in the Petitions for Removal was not a defect affecting this Court's subject-matter jurisdiction, according to 28 U.S.C. § 1447(c), any defendant who opposed the removal had thirty days from December 1, 2005 to file a motion to remand. The instant Motions to Remand was not filed until January 24, 2005, well over thirty days from the filing of the Petitions. Accordingly, Heartland's Motions to Remand are untimely and the Motions to Remand are denied.

## CONCLUSION

For the reasons set forth above, Heartland's Motions to Remand [case number 05-1369 - #20] and [case number 05-1370 - #18] are DENIED.

ENTERED this 15th day of February 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
