



E-FILED
Tuesday, 31 October, 2006 11:27:50 AM
Clerk, U.S. District Court, ILCD

FILED
OCT 3 1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

Lynn T. Guevrekian

    Plaintiff,

Vs.                                        Case No. 05-1369

City of Bloomington, Mclean County Center
For Human Services, Heartland Apartment
Management and Wayne Pelhank

    Defendants

## STATEMENT OF PLAINTIFF

Lynn Guevrekian duly affirms the following under Oath:

On May 20, 2004, while taking a shower in my third floor apartment located at 620 North Main Street apartment number 6, a dark haired police officer entered my apartment bathroom without a search warrant and called me by my first name. The officer ordered me to get dressed and come out. The officer gave no other details and made no other verbal requests at that time. I never told the police officer that I heard them knocking and chose not to answer it. At the time that they actually knocked on May 20, 2004 I was showering and had shampoo in my hair. Although Sergeant Wikoff states that: "the resident of apartment number 5 had said she was going to start shooting people," at the beginning of his report number 200406831, Lynn Guevrekian lived in the number 6 apartment and had been living there for about two and three quarters months (see Exhibit 112 ). Sergeant Wikoff states in referring to Lynn Guevrekian "she said she had just moved out of Apartment 5 and into apartment 6," and Lynn Guevrekian states that the officer is lying and that she never said that to him (See Exhibit 112.)

Sergeant Randall Wikoff's Incident Report number 200406831 (Exhibit 91) is false and Sergeant Wikoff lies repeatedly in the report as he intentionally displays willful, wanton, reckless disregard towards Lynn Guevrekian as he records fictitious criminal behavior by Lynn Guevrekian in an effort to justify his inappropriate and illegal behavior. The easiest way to show that the report is false is to keep addressing issues within the report which may be shown as false with objective evidence and in this way the dishonesty of Sergeant Wikoff may be exposed.

No Interview took place by Crisis and Lynn Guevrekian never had an argument or spoke to her sister that day or any other day because Lynn Guevrekian hadn't spoken to her

1

sister in years. Lynn's father had died in October, 2003 and not recently (Exhibit 92). Lynn had the means to go to Florida because Lynn had an automobile and money (Exhibit 42 and Exhibit 46 & 47). Thus far, we have objective evidence that shows Sergeant Wikoff's false statements regarding: 1) Lynn's father was not recently deceased. 2) Lynn had not recently moved out of apartment number 5 and into apartment 6. 3) Lynn did not have "no means to go to Florida to do it.

In addition, Sergeant Wikoff's report does not match the newly licensed (Exhibit 70) Social Workers report (Exhibit 50).

Nicole Piggush a.k.a. Nicole Wilder states:

"Lynn stated her father left $300,000 in will to other three siblings and nothing to Lynn. Lynn was Anxious and angry because family will not share his possessions/money. Lynn admitted to saying she "**would only get something if I killed them all**" but reported it was a figure of speech and she has no intention of harming others/self."

Sergeant Wikoff states:

"Crisis interviewed her as we listened. Guevrekian advised that she had just had an argument via telephone with her sister Anna, in Florida, over the settling of the estate of her <u>recently deceased father</u>. Guevrekian advised that she was cut out of the will, and she is furious over the behavior of the rest of her family. <u>She said she had just moved out of apartment 5 and into apartment 6.</u> She admitted, word for word, what Crisis had been advised of…to wit that **the only way she could get even with her family for treating her so badly would be to start shooting them**. She also said that she had no plans, no intentions and <u>no means to go to Florida</u> to do it."

In comparison of the two statements, we have Nicole Wilder stating in quotation marks: "would only get something if I killed them all," while Sergeant Wikoff states word for word: "the only way she could get even with her family for treating her so badly would be to start shooting them." In the first statement, we have a declaration to get money and in the second statement we have a declaration to get even.

In truth, Lynn Guevrekian never admitted to anything and never threatened her family in any fashion, period. Lynn told the social workers that it was a stunt and a prank after they told Lynn that her sister, Anna had told them she had a gun and was going to kill them. Neither the Social Worker or the police disputed Lynn in any way but when the police officer realized he had damaged the door, he came into the apartment uninvited and asked to see Lynn's fire arms card (see Amended Complaint). In addition, no interview was conducted by the social workers and in support of this we find false statements made by Nicole Wilder in Exhibits 49 through 52 stating 1) violence/homicide when none took place  2) That Lynn had 3 siblings when in truth Lynn has 4 living siblings. 3) That Lynn had Depression for a few months when Lynn did not have depression for a few months (Exhibit 34-47). 4) That Lynn had a "history" of domestic

2

violence as a "perpetrator". 5) That Lynn graduated high school when she did not (Exhibit 93). 6) Unknown Marital status is checked by a social worker who claims to have conducted an interview (Exhibit 30). 7) That Lynn had an economic problem when she did not (Exhibit 46 & 47). 8) Nicole Wilder lists herself as "Primary Therapist" number 2909, the same number as her staff ID listed but never has a written consent for services.

PROOF OF SERVICE AND AFFIRMATION OF OATH:
The undersigned certifies that a copy of Statement of Plaintiff, under oath, was served upon the attorney's of record by enclosing the documents in an envelope plainly addressed to the attorney's business address with postage fully prepaid and by depositing the envelope into a U.S. Post Office Box in Springfield, Illinois on October 30, 2006.

_Lynn Guevrekian_ 10/30/06

Lynn T. Guevrekian
c/o Helping Hands
200 South 11th Street
Springfield, Illinois  62703

### Attorney's of Record

Brian Thielen, Mr. Foley, Ms. Mirdo
Thielen, Foley & Mirdo
207 W. Jefferson Street Suite 600
Bloomington, Illinois  61701

Eitan Weltman
802 N. Clinton Street Suite A
Bloomington, Illinois  61701

Peter Jennetten, Amanda Watson
Quinn, Johnston, Henderson & Pretorius
227 N.E. Jefferson Street
Peoria, Illinois  61602

Casey Costigan, D. Salvati
Costigan & Wollrab
308 E. Washington Street
P.O. Box 3127
Bloomington, Illinois
61702-3127

3