UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LYNN T. GUEVREKIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05 CV 01369 |
| ) | |
| BLOOMINGTON POLICE DEPARTMENT, ) | |
| MCLEAN COUNTY CENTER FOR HUMAN ) | |
| SERVICES, HEARTLAND APARTMENT ) | |
| MANAGEMENT, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, McLean County Center for Human Services, Inc. (hereinafter referred to as "MCCHS"), by and through its attorneys, Costigan & Wollrab, P.C., and respectfully moves this Court pursuant to Rule 56(b) of the Federal Rules of Civil Procedure to enter Summary Judgment on behalf of Defendant and for its Motion states as follows:

**I. INTRODUCTION[1]**

On September 27, 2005, Plaintiff filed an Amended Complaint against three Defendants. Plaintiff makes broad sweeping allegations regarding an incident that occurred on May 20, 2004 in which the MCCHS's Crisis Center received a call from a woman who identified herself as Plaintiff's sister. Plaintiff's sister informed MCCHS that Plaintiff had called her and threatened to kill her and the entire family. The allegations appear to state three causes of action against MCCHS: trespass, malpractice and defamation. Plaintiff alleges that Nicole Wilder f/k/a Nicole Piggush, a MCCHS

---

[1] The record materials cited herein are contained in the attached Appendix. Citations to those materials are abbreviated as follows: Plaintiff Deposition Transcript (Pl. Dep. p.__); Amended Complaint (Am. Compl. ¶__); Statement of Plaintiff (Statement of Pl. p.__); Sergeant Wikoff Affidavit (Wikoff Aff. ¶__).

social worker, entered Plaintiff's apartment without her consent in response to the call received by the MCCHS Crisis Center. She also alleges that Ms. Wilder defamed her by intentionally creating false reports regarding the incident.

Plaintiff's allegations are not supported by any evidence including deposition testimony, affidavits or any other documentary evidence in this case. Summary judgment in favor of MCCHS is appropriate at this time because Plaintiff has failed to provide and cannot produce any evidence that Defendant, MCCHS, has committed trespass, malpractice or defamation.

## II. UNDISPUTED MATERIAL FACTS

1. A female called the MCCHS's Crisis Center on May 20, 2004, identified herself as Anna Strien, Plaintiff's sister, and stated that Plaintiff had called her and threatened to kill the entire family one by one. Pl. Dep. pp. 10, 11[2]; Wikoff Aff. ¶¶ 3, 4.

2. MCCHS's Crisis Center reported the threat to the Bloomington Police Department (hereinafter referred to as "BPD") and requested the BPD accompany the crisis team to Plaintiff's residence. Wikoff Aff. ¶¶ 2, 3.

3. BPD Sergeant Wikoff and BPD Officers Day and Melton were dispatched to Plaintiff's residence. Wikoff Aff. ¶¶ 2, 6.

4. After knocking on Plaintiff's door, calling for her by name and having Metcom telephone her, Sergeant Wikoff determined that forced entry was appropriate so he pushed the door open until the chain lock gave way. Pl. Dep. pp. 52, 147; Wikoff Aff. ¶ 6.

---

[2] Plaintiff's deposition is used throughout this memorandum. On October 16, 2006, Plaintiff filed a Notice of Refusal to Sign Transcript of Deposition, however, Plaintiff has failed to comply with Fed. R. Civ. P. 30(e). Thus, the deposition testimony is presumed accurate.

5. Upon entry to the apartment, BPD officers discovered Plaintiff was in the shower and requested that she get out of the shower and get dressed. Wikoff Aff. ¶ 7; Pl. Dep. p. 50; Statement of Pl. p. 1.

6. A BPD officer was the first person Plaintiff saw in her apartment. Pl. Dep. p. 141; Statement of Pl. p.1.

7. When Plaintiff exited her bathroom and entered her living room, she observed Nicole Wilder, an MCCHS social worker, standing in the common area outside of Plaintiff's apartment and invited her into Plaintiff's apartment. Pl. Dep. pp. 144-145; Am. Compl. p. 4.

8. Plaintiff never saw Nicole Wilder or anyone from MCCHS inside the apartment before Plaintiff invited Ms. Wilder into her apartment. Pl. Dep. pp. 145, 151.

9. Plaintiff did speak to Nicole Wilder in Plaintiff's living room, but a therapist/patient relationship was never created or existed. Am. Compl. p. 3, 4, 5.

10. Plaintiff testified that the alleged defamatory statements were only published to the police officers when MCCHS contacted BPD regarding this incident. Pl. Dep. p. 160.

11. Plaintiff testified that further defamation occurred when Nicole Wilder created reports detailing the incident, however, Plaintiff stated that the reports have not been published to a third party and that she would only be injured if, in fact, they were published in the future. Pl. Dep. pp. 159-160.

### III. ARGUMENT

**A. Summary Judgment Standard**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 377, 325 (1986). A genuine issue of material fact exists when there is sufficient evidence favoring the non-moving party for a jury to return a verdict in his factor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). While the record and all reasonable inferences drawn from it are to be viewed in the light most favorable to the non-movant, he must show more than some metaphysical doubt regarding the facts in order to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. 242 at 248. Plaintiff has failed to establish, and cannot establish any facts to support her allegations of trespass, malpractice and defamation, and therefore summary judgment is appropriate.

**B. Plaintiff Has Not Created a Genuine Issue of Material Fact That MCCHS Trespassed on May 20, 2004.**

Plaintiff has failed to produce any evidence that MCCHS or any of its employees trespassed on Plaintiff's property. In order to be determined a trespasser, a party must be acting without the consent of the owner of the property on which the alleged trespass is committed. *Superior Oil Co. v. Somers Drilling Co.*, 143 F.2d 49, 50 (7th Cir. 1944). BPD sergeant Randall Wikoff took numerous steps prior to making the determination that forced entry was appropriate, including knocking, yelling for Plaintiff by name and having Metcom telephone her. When all of these attempts failed, he pushed Plaintiff's door open until the chain lock broke. He then entered the apartment and discovered she

4

was in the shower, at which time he requested she get dressed. Wikoff Aff. ¶¶ 6, 7. No one from MCCHS helped or assisted in the forced entry. When Plaintiff exited the bathroom and entered the living room area she saw Nicole Wilder, an MCCHS social worker, in the common area outside of Plaintiff's apartment and invited her to come into the apartment. Pl. Dep. p. 144-145, 151; Am. Compl. p. 4. Plaintiff admitted in her deposition that she never saw anyone from MCCHS in her apartment prior to inviting Nicole Wilder in to her apartment:

> **Q**: And then when you came out into the living room area, you invited the social workers in at that point in time?
>
> **A**: Yes.
>
> **Q**: Because they were out in the hallway?
>
> **A**: Yes.
>
> **Q**: Just so I have this correct, you never actually observed the social workers in the apartment?
>
> **A**: No.
>
> **Q**: When you did come out, then you invited them into your home?
>
> **A**: Yes.
>
> ****
>
> **Q**: …The first time that – you came out of the shower on May 20, 2004, and the first time that you saw anyone from the McLean County Center for Human Services they were out in the hallway outside of your apartment, correct?
>
> **A**: Yes.

*See* Pl. Dep. p. 144-145, 151. MCCHS did not enter Plaintiff's apartment by forced entry. MCCHS entered only upon the verbal consent/invitation of Plaintiff.

5

MCCHS did not commit trespass or violate any of Plaintiff's rights because Plaintiff consented to their entrance by inviting them in, and therefore, summary judgment is appropriate.

### C. There is No Genuine Issue of Material Fact Regarding Malpractice Because Defendant Did Not Owe Plaintiff Any Duty.

Plaintiff has failed to provide any evidence that MCCHS committed malpractice. The elements necessary to establish social worker malpractice are the same elements required of any negligence case. *Horak v. Biris*, 130 Ill.App.3d 140, 144 (2d Dist. 1985). Plaintiff must prove: (1) that defendant owed him a duty, (2) that defendant failed to perform or breached that duty, (3) that the breach was the proximate cause of plaintiff's injuries, and (4) damages. *Id*. In *Horak*, the court described duty in the context of therapist/patient relationships:

> Further, we think that the very nature of the therapist-patient relationship, which was alleged and admitted here, gives rise to a clear duty on the therapist's part to engage only in activity or conduct which is calculated to improve the patient's mental or emotional well-being, and to refrain from any activity or conduct which carries with it a foreseeable and unreasonable risk of mental or emotional harm to the patient.

*Id*. at 145.  Plaintiff admits in her Amended Complaint she has never had a therapist/patient relationship with the MCCHS. Am. Compl. p. 3. Without a therapist/patient relationship, there can be no duty, thus there is no genuine issue of material fact that MCCHS committed malpractice.

Even if the court were to find that a therapist/patient relationship and duty existed, Plaintiff has not set forth any evidence that establishes that Nicole Wilder engaged in any activity or conduct which carried with it a foreseeable and unreasonable risk of mental or emotional harm to Plaintiff. Nicole Wilder spoke to Plaintiff regarding the phone call that the MCCHS crisis center had received. Sergeant Wikoff listened to the conversation

6

and stated that Plaintiff admitted to making the threat. Wikoff Aff. ¶ 9. After speaking to Plaintiff, Nicole Wilder made a diagnosis. Assuming arguendo that she was incorrect, there has been no evidence to establish that she intentionally falsified her reports or acted with malice:

> **Q**:   Do you have any explanation or why that you believe that the office for the Center for Human Services falsified all these reports?
>
> **A**:   I don't know. I speculate that they thought they were going to get in trouble and so they had to come up with a good reason for what they did so they just ran with it. They probably thought I would never see the reports. That's my speculation. It's only speculative. I really don't know. I don't know why they did it.

*See* Pl. Dep. p. 160. There is no evidence indicating that MCCHS committed malpractice or acted with malice and therefore, summary judgment should be granted.

**C. There is No Genuine Issue of Material Fact that MCCHS Defamed Plaintiff.**

Plaintiff has failed to produce any evidence establishing the elements of defamation. To prove defamation, a plaintiff must show that the defendant made a false statement about the plaintiff, there was an unprivileged publication to a third party by the defendant, and the publication damaged the plaintiff. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691 (7th Cir. 2006). The only publication alleged in this matter was MCCHS' statements to police regarding the telephone call the crisis team received:

> **Q**:   …how were you defamed?
>
> **A**:   …The first thing that she did, the first thing that was done by the McLean Center anyway was that without checking out the validity of a very serious charge or accusation of threat, they told officials. They spread it first to the police officer. Now,

those written reports, I believe, are a written form of defamation because if they should pop up at any time, they would hurt me.

Q:   Other than what you said that the defamatory statements, whether they're written or oral, were communicated to the police officers, do you have any personal knowledge of them being communicated to any other person?

A:   No.

*See* Pl. Dep. p. 159-160.  The only publication made was to the police officers. Assuming for the purpose of this Motion that the written reports are false, they have not been published to a third party.  In addition, there is a strong qualified privilege that exists for statements to police regarding allegations of crime made for the purpose of initiating a bona fide investigation.  *Schlessinger v. Salimes*, 100 F.3d 519, 521 (7th Cir. 1996).  The crisis team received a call that Plaintiff had threatened violence and it then notified the police.  According to Sergeant Wikoff, Plaintiff corroborated these threats while talking to Nicole Wilder.  Wikoff Aff. ¶ 9.  For safety concerns, MCCHS notified BPD.  Since that was the only publication and it is privileged, there is no genuine issue of material fact that MCCHS defamed Plaintiff.

## IV.  CONCLUSION

Based on the evidence in this case, no reasonable inference could be drawn that this Defendant, MCCHS, or any of its employees committed any of the allegations set forth by Plaintiff.

WHEREFORE, Defendant, MCCHS, respectfully requests that this Honorable Court enter an Order granting its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b).

Respectfully Submitted,

MCLEAN COUNTY CENTER FOR
HUMAN SERVICES, INC.

s/ *Dominic A. Salvati*
Dominic A. Salvati Bar Number 6283922
Attorney for Defendant
Costigan & Wollrab, P.C.
308 E. Washington Street
Bloomington, Illinois 61701
(309) 828-4310 phone
(309) 828-4325 fax
dsalvati@cwlawoffice.com