E-FILED
Friday, 01 December, 2006  02:25:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS -- PEORIA DIVISION

| | | |
|---|---|---|
| LYNN T. GUEVREKIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-01369 |
| | ) | |
| BLOOMINGTON POLICE DEPARTMENT, | ) | |
| CITY OF BLOOMINGTON, McLEAN | ) | |
| COUNTY CENTER FOR HUMAN | ) | |
| SERVICES, HEARTLAND APARTMENT | ) | |
| MANAGEMENT, and WAYNE PELHANK, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR SUMMARY JUDGMENT

Defendants, HEARTLAND APARTMENT MANAGEMENT, LLC and WAYNE PELHANK, by their attorneys, Thielen, Foley & Mirdo, LLC, move this Court pursuant to F.R.Cv.P. 56 for summary judgment in their favor and against Plaintiff, LYNN T. GUEVREKIAN, and further move that Plaintiff be directed to pay their costs incurred herein.  In support of their Motion, Defendants state as follows:

1.     Plaintiff claims (a) violation of the "Illinois Rental Law" for alleged entrance into an apartment rented by Plaintiff on May 20, 2004, (b) libel, and (c) fraud/forgery against these Defendants in her Complaint.  Plaintiff's claims against these Defendants arise out of the same alleged incident on May 20, 2004 that forms the basis for Plaintiff's federal question claims against Defendants City of Bloomington and McLean County Center for Human Services.

2.     Plaintiff is unable to raise a genuine issue of material fact indicating (a) that Defendants committed a violation of any Illinois statute or breached any legal duty owed to Plaintiff, or (b) that any breach of duty by Defendants was the proximate cause of any injury allegedly sustained by Plaintiff.

3.    In the alternative, Plaintiff's claim of "fraud/forgery" is barred under the doctrine of issue preclusion.

4.    In support of their Motion, Defendants submit their Memorandum of Law in Support of Motion for Summary Judgment and attached Exhibits, filed herewith.

**Notice to Plaintiff, LYNN T. GUEVREKIAN,
Pursuant to <u>Timms v. Frank</u>, 953 F.2d 281 (7th Cir. 1992)**

This is a Motion for Summary Judgment.  Any factual assertion in the affidavits and other evidence submitted to the Court in support of this Motion will be treated by the district judge as being true unless you submit your own affidavits or other documentary evidence contradicting the assertions.  <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir. 1972); <u>Timms v. Frank</u>, 953 F.2d 281, 287 (7th Cir. 1992).

Federal Rule of Civil Procedure 56 applies to motions for summary judgment.  The text of Federal Rule of Civil Procedure 56 is as follows:

Rule 56. Summary Judgment

(a)    For Claimant.  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b)    For Defending Party.  A party against whom a claim, counterclaim, or cross- claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c)    Motion and Proceedings Thereon.  The motion shall be served at least 10 days before

the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d)     Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e)     Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or

further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f)    When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g)    Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

S/ BARBARA SNOW MIRDO
Illinois Attorney No. 06230302
Attorney for Defendants,
HEARTLAND APARTMENT MANAGEMENT, LLC
and WAYNE PELHANK
THIELEN, FOLEY & MIRDO, LLC
207 W. Jefferson St., Ste. 600
Bloomington, IL 61701
Phone: 309/820-0040
Fax: 309/820-0041
E-mail: mirdo.b@thielenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **December 1, 2006**, I electronically filed this **Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

|  |  |
|---|---|
| Peter R. Jennetten | ***Attorney for Bloomington Police*** |
| Amanda J. Watson | ***Department and City of Bloomington*** |
| Quinn, Johnston, Henderson & Pretorius | |
| 227 N.E. Jefferson Street | |
| Peoria, IL  61602-1211 | |
| Phone:  (309) 674-1133 | |
| Fax:  (309) 674-6503 | |
| E-mail:  pjennetten@qjhp.com | |
| E-mail:  mwatson@qjhp.com | |

|  |  |
|---|---|
| J. Casey Costigan | ***Attorney for McLean County Center*** |
| Dominic A. Salvati | ***for Human Services*** |
| Costigan & Wollrab, P.C. | |
| P.O. Box 3127 | |
| Bloomington, IL  61702-3127 | |
| Phone:  (309) 828-4310 | |
| Fax:  (309) 828-4325 | |
| E-mail:  ccostigan@cwlawoffice.com | |
| E-mail:  dsalvati@cwlawoffice.com | |

|  |  |
|---|---|
| Eitan Weltman | ***Attorney for Heartland Apartment*** |
| 802 N. Clinton St., Suite A | ***Management and Wayne Pelhank*** |
| Bloomington, IL  61701-3229 | |
| Phone:  (309) 829-4422 | |
| Fax:  (309) 829-1079 | |
| E-mail:  EitanW@aol.com | |

and I hereby certify that on **December 1, 2006**, I mailed a copy of this document by United States Postal Service to the following non-registered participants:

|  |  |
|---|---|
| Lynn T. Guevrekian | ***Pro se Plaintiff*** |
| c/o Helping Hands | |
| 200 South 11th Street | |
| Springfield, IL  62703 | |
| Phone:  (309) 807-4851 | |

S/____*Barbara Snow Mirdo*____
Barbara Snow Mirdo (Illinois Bar No. 6230302)
Attorney for Defendant
THIELEN, FOLEY & MIRDO, LLC
207 W. Jefferson St., Suite 600
Bloomington, IL 61701
Phone: (309) 820-0040
Fax: (309) 820-0041
E-mail: mirdo.b@thielenlaw.com